UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NO.

_____
                                                    )
MD CONSULTANTS, INC. and           )
KANGAROO SMILES – METHUEN, INC., )
                                                    )
        Plaintiffs                            )
                                                    )
v.                                                 )
                                                    )
LOWELL DENTISTRY FOR CHILDREN, P.C., )
NASHUA DENTISTRY AND ORTHODONTICS )
FOR CHILDREN, INC., DENTALFONE, LLC )
And AARON WATMAN, DDS, and JOSEPH )
BECHT, DMD,                            )
                                                    )
        Defendants                         )
                                                    )
_____ )

**NOTICE OF REMOVAL OS STATE COURT ACTION TO THE**
**UNTIED STATES DISTRICT COURT**

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

     PLEASE TAKE NOTICE that Defendant Aaron Watman, DDS, has removed to the United States District Court for the District of Massachusetts all claims and causes of action in the civil action styled *MD Consultants, Inc. and Kangaroo Smiles – Methuen, Inc. v. Lowell Dentistry for Children, P.C., Nashua Dentistry and Orthodontics for Children, Inc., Aaron Watman, DDS and Joseph Becht, DMD*, Case No. 2181CV01964 (the "State Court Action") now pending in the Superior Court for the Commonwealth of Massachusetts, Middlesex Division in Lowell. A copy of all process, pleadings and orders served upon defendants to date in the State

Court Action are attached hereto as Exhibit A.

Defendant Watman's grounds for removal are as follows:

1. **This Case is Founded on Claims or Rights of Action under the Laws of the United States.**

Plaintiffs bring several counts under the Laws of the United States, specifically:

- Count II – Federal Trademark Infringement, Lanham Act 15 U.S.C. § 1114;

- Count V – Federal Unfair Competition, Lanham Act 15 U.S.C. § 1125(a); and

- Count VI – Federal Trademark Dilution, Lanham Act, 15 U.S.C. § 1125(c).

Plaintiffs further assert Federal Common Law Trademark Infringement (Count III).

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction of all civil actions arising under the laws of the United States. Therefore, this matter presents a federal question and removal is appropriate under 28 U.S.C. § 1441(a); *see also, e.g.*, *Gateway 2000, Inc. v. Cyrix Corp.*, 942 F. Supp. 985, 989–90 (D.N.J. 1996) (removal on the grounds of federal question jurisdiction is appropriate where a Federal question is presented on the face of the plaintiff's complaint).

2. **All Non-Federal Claims Share Common Allegations that Support Supplemental Jurisdiction over the Non-Federal Claims**

Plaintiffs' counts in this action all rely on the same alleged set of facts – that Plaintiffs have trademark rights in the mark "Kangaroo Smiles," and that Defendants wrongly used that Mark in a Google AdWords campaign and in advertising, to Plaintiffs' detriment. All of the remaining, non-federal counts in Plaintiffs' Complaint are so related to the federal claims that they form part of the same case or controversy. The non-federal counts are:

- Count I – Unfair Trade Practices, Mass. G.L. c. 93A §§ 2 and 11;

- Count III [sic] – Massachusetts Statutory Trademark Infringement, Mass. G.L. c. 110H §§ 12, 13 and 16;

2

- Count IV - Massachusetts Common Law Trademark Infringement

- Count VII – Massachusetts Statutory Trademark Dilution, Mass. G.L. c. 110H, §§ 12 13 and 16; and

- Count IX – Tortious Interference with Prospective Contractual Relations.

Each of these relies on the same set of allegations, and each save the last has an exact counterpart federal claim. Accordingly, the Federal court can exert supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

**3. All Other Defendants Consent to Removal**

On October 21, 2021, Plaintiffs voluntarily dismissed defendant Dentalfone, LLC. All remaining Defendants, each of whom are represented by the undersigned, has consented and hereby consents to removal pursuant to 28 U.S.C. 1446(b)(2)(A).

**4. This Notice of Removal is Timely and Complete and Has Been Properly Served**

Defendant Watman first received notice of this action when he was served on September 23, 2021. This Notice is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

Defendant Watman has provided written notice of this Notice to counsel of record for the Plaintiffs. A true and correct copy of this Notice will be filed in the State Court Action.

All requirements for removal are met.


Respectfully submitted,   October 25, 2021


**LOWELL DENTISTRY FOR CHILDREN, P.C., NASHUA DENTISTRY AND ORTHODONTICS FOR CHILDREN INC., AARON WATMAN, DDS and**

**JOSEPH BECHT, DMD**
By their attorneys


/s/ Thomas P. McNulty
Thomas P. McNulty (BBO 654564)
Ann Lamport Hammitte (BBO 553263)
LANDO & ANASTASI, LLP
60 State Street, 23rd Floor
Boston, MA 02109
617395-7000
tmcnulty@lalaw.com
ahammitte@lalaw.com

## CERTIFICATE OF SERVICE

I certify that on October 25, 2021, I served the foregoing on Counsel for Plaintiffs by e-mail and First-Class Mail at:

Joel Rosen
Austin Smith
204 Andover Street, Ste. 402
Andover, MA 01810
jrosen@rosengoyal.com
asmith@rosengoyal.com


/s/ Thomas P. McNulty
Thomas P. McNulty