# EXHIBIT A

## 2181CV01964 MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al

Case Type:
Contract / Business Cases

Case Status:
Open

File Date
09/08/2021

DCM Track:
A - Average

Initiating Action:
Intellectual Property

Status Date:
09/08/2021

Case Judge:

Next Event:

---

| All Information | Party | Event | Tickler | Docket | Disposition |

### Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 09/08/2021 | Complaint electronically filed. | 1 | Image |
| 09/08/2021 | Civil action cover sheet filed. | 2 | Image |
| 09/08/2021 | Plaintiff(s) MD Consultants, Inc.'s Motion for appointment of special process server Russell Castagna of New England Constables & Associates. Motion ALLOWED.<br><br>Judge: Sarrouf, Camille | 3 | Image |
| 09/08/2021 | Plaintiff MD Consultants, Inc.'s Motion for short order of notice. Motion ALLOWED. Copy mailed 8/9/21. | 4 | Image |
| 09/08/2021 | Plaintiff MD Consultants, Inc.'s Motion for preliminary injunction | 5 | Image |
| 09/08/2021 | MD Consultants, Inc.'s Memorandum in support of motion for preliminary injunction | 6 | Image |
| 09/09/2021 | Case assigned to:<br>DCM Track A - Average was added on 09/09/2021 | | Image |
| 09/09/2021 | Summons and order of notice issued on a Motion for a Preliminary Injunction , returnable on 09/15/2021 03:30 PM Hearing on Preliminary Injunction.<br><br>Judge: Sarrouf, Camille | 7 | Image |
| 09/14/2021 | Plaintiffs MD Consultants, Inc., Kangaroo Smiles - Methuen, Inc.'s Motion to Continue Hearing | 8 | Image |
| 09/14/2021 | Event Result::  Hearing on Preliminary Injunction scheduled on:<br>    09/15/2021 03:30 PM<br>Has been: Rescheduled     For the following reason: Request of Plaintiff<br>Camille Sarrouf, Presiding<br>Staff:<br>    Matthew Day, Assistant Clerk Magistrate | | |
| 09/14/2021 | Summons and order of notice issued on a Motion for a Preliminary Injunction , returnable on 09/30/2021 02:00 PM Hearing on Preliminary Injunction.<br><br>Judge: Sarrouf, Camille | 9 | Image |
| 09/27/2021 | Plaintiffs MD Consultants, Inc., Kangaroo Smiles - Methuen, Inc.'s Motion to continue hearing | 10 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 09/28/2021 | Event Result:: Hearing on Preliminary Injunction scheduled on:<br>    09/30/2021 02:00 PM<br>Has been: Rescheduled      For the following reason: Joint request of parties<br>Camille Sarrouf, Presiding<br>Staff:<br>    Matthew Day, Assistant Clerk Magistrate | | |
| 09/28/2021 | Endorsement on Motion to Continue Hearing (#10.0): ALLOWED<br><br>Judge: Sarrouf, Camille | | Image |
| 10/01/2021 | Short Order of Notice, returned SERVED<br>in hand on 9/21/2021 at 17 Wood Street, Lowell. Accepted by Cortney Shay, Associate.<br><br>Applies To: Lowell Dentistry For Children, P.c. (Defendant) | 11 | Image |
| 10/01/2021 | Short Order of Notice, returned SERVED<br>at last and usual on 9/23/2021 at 25 Black Horse Drive<br><br>Applies To: Watman, D.D.S, Aaron (Defendant) | 12 | Image |
| 10/01/2021 | Short Order of Notice, returned SERVED<br>at last and usual on 9/21/2021 at 6 Priscilla Lane, Winchester, MA<br><br>Applies To: Becht, Joseph (Defendant) | 13 | Image |
| 10/01/2021 | Short Order of Notice, returned SERVED<br>to Scott M.. Hawley, registered agent for the defendant, on 9/23/2021 at 488 Barrello Lane, Cocoa Beach, FL 32931<br><br>Applies To: Dentalfone, Llc (Defendant) | 14 | Image |
| 10/01/2021 | Short Order of Notice, returned SERVED<br>at last and usual of Dennis M. Spurling, Esq. on 9/22/2021 at 8 Washington Road, Atkinson, NH 03811<br><br>Applies To: Nashua Dentistry And Orthodontics For Children, Inc. (Defendant) | 15 | Image |
| 10/19/2021 | Attorney appearance<br>On this date Tory Andrew Weigand, Esq. added for Defendant Dentalfone, Llc | | Image |
| 10/19/2021 | Attorney appearance<br>On this date Matthew Joseph Holmes, Esq. added for Defendant Dentalfone, Llc | | Image |
| 10/20/2021 | Attorney appearance<br>On this date Thomas P McNulty, Esq. added for Defendant Lowell Dentistry For Children, P.c. | | Image |
| 10/20/2021 | Attorney appearance<br>On this date Ann Lamport Hammitte, Esq. added for Defendant Lowell Dentistry For Children, P.c. | | Image |
| 10/20/2021 | Attorney appearance<br>On this date Thomas P McNulty, Esq. added for Defendant Nashua Dentistry And Orthodontics For Children, Inc. | | |
| 10/20/2021 | Attorney appearance<br>On this date Ann Lamport Hammitte, Esq. added for Defendant Nashua Dentistry And Orthodontics For Children, Inc. | | |
| 10/20/2021 | Attorney appearance<br>On this date Thomas P McNulty, Esq. added for Defendant Aaron Watman, D.D.S | | |
| 10/20/2021 | Attorney appearance<br>On this date Ann Lamport Hammitte, Esq. added for Defendant Aaron Watman, D.D.S | | |
| 10/20/2021 | Attorney appearance<br>On this date Thomas P McNulty, Esq. added for Defendant Joseph Becht | | |
| 10/20/2021 | Attorney appearance<br>On this date Ann Lamport Hammitte, Esq. added for Defendant Joseph Becht | | |
| 10/21/2021 | Event Result:: Hearing on Preliminary Injunction scheduled on:<br>    10/21/2021 02:30 PM<br>Has been: Canceled      For the following reason: Joint request of parties<br>Camille Sarrouf, Presiding<br>Staff:<br>    Matthew Day, Assistant Clerk Magistrate<br>    Douglas Nagengast, Assistant Clerk Magistrate | | |
| 10/21/2021 | Notice of voluntary dismissal (41a.l.i)<br><br>Plaintiffs MD Consultants, Inc. and Kangaroo Smiles- Methuen, Inc. hereby file this notice of voluntary dismissal pursuant to Mass. R. Civ. P. 4(a)(1)(ii) only as to defendant Dentalfone, LLC without prejudice. | 16 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 10/21/2021 | Plaintiffs, Defendants MD Consultants, Inc., Kangaroo Smiles - Methuen, Inc., Lowell Dentistry For Children, P.c., Nashua Dentistry And Orthodontics For Children, Inc., Dentalfone, Llc, Aaron Watman, D.D.S, Joseph Becht's Joint Motion for<br>Entry of Preliminary Injunction and Cancellation of the Hearing on Plaintiffs' Motion for a Preliminary Injunction | 17 | Image |
| 10/21/2021 | Endorsement on Notice of Voluntary Dismissal (#16.0): ALLOWED<br><br>Judge: Sarrouf, Camille | | Image |
| 10/21/2021 | Endorsement on Motion for Entry of Preliminary Injunction and Cancellation of the Hearing on Plaintiffs' Motion for a Preliminary Injunction (#17.0): ALLOWED<br><br>Judge: Sarrouf, Camille | | Image |

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | COUNTY | Middlesex Superior Court (Lowell) |

| Plaintiff | MD Consultants Inc. | Defendant | Lowell Dentistry for Children, P.C. |
|---|---|---|---|
| ADDRESS: | 33 Bartlett St, Unit 501 | ADDRESS: | 17 Wood St. |
| | Lowell, MA 01852 | | Lowell, MA 01851 |
| | | | |
| Plaintiff Attorney: | Joel Rosen | Defendant: | Nashua Dentistry and Orthodontics for Children, Inc. |
| ADDRESS: | 204 Andover Street, Suite 402 | ADDRESS: | 155 Kinsley Street, Suite 101 |
| | Andover, MA 01810 | | Nashua, NH 03061 |
| | | | |
| BBO: | 567788 | | |
| Plaintiff: | Kangaroo Smiles - Methuen, Inc. | Defendant: | Dentalfone, LLC |
| ADDRESS: | 413 Broadway, Suite C | ADDRESS: | 3000 North Atlantic Avenue, Suite 107 |
| | Methuen, MA 01844 | | Coco Beach, FL 32931 |
| | | | |
| Plaintiff Attorney: | Joel Rosen | Defendant: | Aaron Watman, DDS |
| ADDRESS: | 204 Andover Street, Suite 402 | ADDRESS: | 9 Adams Lane |
| | Andover, MA 01810 | | Westford, MA 01886 |
| | | | |
| BBO: | 567788 | | |
| Plaintiff Attorney: | | Defendant: | Joseph Becht, DMD |
| ADDRESS: | | ADDRESS: | 6 Priscilla Lane |
| | | | Winchester, MA, 01852 |
| | | | |
| BBO: | | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| BD1 | Intellectual Property | A | ☒ YES ☐ NO |

*If "Other" please describe:

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES    NO | YES ☒ NO |

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**                    **RECEIVED**

A. Documented medical expenses to date                                   9/8/2021

1. Total hospital expenses _____
2. Total doctor expenses _____
3. Total chiropractic expenses _____
4. Total physical therapy expenses _____
5. Total other expenses (describe below) _____

Subtotal (1-5): _____ **$0.00**

B. Documented lost wages and compensation to date _____
C. Documented property damages to date _____
D. Reasonably anticipated future medical and hospital expenses _____
E. Reasonably anticipated lost wages _____
F. Other documented items of damages (describe below) _____

| Diversion of potential and existing plaintiffs' customers to defendants' website and services |
|---|

TOTAL (A-F): _____ **$50,000.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|--------|-----------------------------------|--------|
| 1. | | |
| | Total | |

| Signature of Attorney/Unrepresented Plaintiff: X  /s/ Joel Rosen | Date:   9/3/2021 |
|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X   /s/ Joel Rosen | Date:   9/3/2021 |
|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E(X) | |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S(X) | |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                      SUPERIOR COURT
                                                   NO.


MD CONSULTANTS, INC. and          )
KANGAROO SMILES -                 )
METHUEN, INC.,                    )
        Plaintiffs                )
                                  )
v.                                )                         **RECEIVED**
                                  )                          9/8/2021
LOWELL DENTISTRY                  )
FOR CHILDREN, P.C.,               )
NASHUA DENTISTRY AND              )
ORTHODONTICS FOR CHILDREN, INC. ) 
DENTALFONE, LLC, and              )
AARON WATMAN, DDS, and            )
JOSEPH BECHT, DMD,                )
        Defendants                )

## <u>VERIFIED COMPLAINT</u>

### <u>INTRODUCTION</u>

This is an action for trademark infringement and unfair competition.   Kangaroo Smiles is

a pediatric dental practice.  Defendants unfairly compete with Kangaroo Smiles by advertising

with the Kangaroo Smiles service mark, stealing Kangaroo Smiles' goodwill, confusing the

consuming public, and damaging the Kangaroo Smiles brand.  This is an action to enjoin

Defendants' unlawful conduct and recover damages.

### <u>PARTIES</u>

1.      Plaintiff MD Consultants, Inc. d/b/a Kangaroo Smiles Pediatric Dentistry and

Orthodontics is a Massachusetts corporation with a usual place of business at 33 Bartlett St, Unit

501, Lowell, Middlesex County, MA.

2.      Plaintiff Kangaroo Smiles - Methuen, Inc. d/b/a Kangaroo Smiles Pediatric Dentistry and Orthodontics is a Massachusetts corporation with a usual place of business at 413 Broadway, Suite C, Methuen, MA 01844.  The plaintiffs will be referred to collectively as ("Kangaroo Smiles").

3.      Defendant Lowell Dentistry for Children, P.C.  ("LDC") is a Massachusetts professional corporation with a principal place of business at 17 Wood St., Lowell, Middlesex County, MA 01851.

4.      Defendant Nashua Dentistry and Orthodontics for Children, Inc. ("NDOC") is a New Hampshire Corporation with a principal place of business at 155 Kinsley Street, Suite 101, Nashua, NH 03061.

5.      Defendant Dentalfone, LLC ("Dentalfone") is a Florida corporation with a principal place of business at 3000 North Atlantic Avenue, Ste. 107, Cocoa Beach, FL 32931.

6.      Defendant Aaron Watman, DDS is a natural person who is the president of NDOC and LDC.  On information and belief, his address is 9 Adams Ln., Westford, MA 01886.

7.      Defendant Joseph Becht, DMD, is a natural person who is the secretary and treasurer of NDOC.  On information and belief, his address is 6 Priscilla Lane, Winchester, MA, 01890.

<u>FACTS</u>

8.      MD Consultants, Inc. has done business as Kangaroo Smiles and Kangaroo Smiles Pediatric Dentistry and Orthodontics since company was incorporated on September 19, 2013.

9.      Kangaroo Smiles owns all right, title and interest in the Kangaroo Smiles Mark. The Mark is registered.  The registration number is 5101849.

10.     Kangaroo Smiles also has an exclusive common law interest in the Kangaroo Smiles Mark.

11.     The Kangaroo Smiles Mark encompasses its use in connection with dental services and products generally and pediatric dentistry services specifically.

12.     The Kangaroo Smiles Mark is inherently distinctive.

13.     Since at least 2015, Kangaroo Smiles has spent significant time, money, and effort engaging in extensive advertising, marketing, and promotion of the Kangaroo Smiles Mark and the services associated with the mark.

14.     Kangaroo Smiles' advertising, marketing, and promotional efforts include the use of the Kangaroo Smiles Mark on the internet.

15.     As a result of the foregoing advertising and promotional efforts and the consistent high quality of the services marketed by the Kangaroo Smiles Mark, the Kangaroo Smiles Mark has acquired and now enjoys a high degree of distinctiveness and secondary meaning.

16.     The Kangaroo Smiles Mark is recognized by the consuming public generally, and Kangaroo Smiles' customers specifically, as identifying exclusively Kangaroo Smiles' dentistry services.

17.     Plaintiff is the senior user of the Kangaroo Smiles Mark on the Internet.

18.     LDC and NDOC are also in the business of providing pediatric dentistry services.

19.     LDC's office is approximately 3 miles from Kangaroo Smiles' Lowell office. NDOC's office is approximately 11 miles from Kangaroo Smiles' Lowell office.

20.     LDC and NDOC market their dental services primarily or significantly on the internet.

21.    The dental services LDC and NDOC provide are similar to and directly compete with the dental services Kangaroo Smiles provides.

22.    Dentalfone designed the websites for LDC and NDOC and, on information and belief, provides Internet marketing services for those companies, including the services that are at issue in this Complaint.

23.    Google AdWords is a keyword-triggered online advertising program that generates the "Sponsored Links" section of a search-results page generated by Google's search engine.  Entities may purchase or bid on certain keywords through the AdWords program, paying Google for the right to have those certain keywords trigger an advertisement of their own sponsored link in the Sponsored Links section of a search-results page generated by Google. Entities may also purchase or bid on certain key words through the AdWords program, paying Google for the right to have those certain keywords facially incorporated into the language of their own unique, sponsored link.

24.    NDOC and LDC purchased on AdWords the right to have the keyword *Kangaroo Smiles* trigger the advertisement of a sponsored link to their websites.

25.    As a result of NDOC's and LDC's participation in the Google AdWords program, when consumers enter *Kangaroo Smiles* into Google during certain times that defendants' ad is running, a sponsored link to the NDOC and LDC websites may be the first result. The headline of one of these ads says, "Nashua Dentistry for Children—Kangaroo Smiles." (NDOC Ad, attached as Exhibit A.)

26.    Consumers who click on the NDOC sponsored ad are taken to nashuadocs.com, the website of NDOC, or lowelldocs.com, the website of LDC, depending on where the consumer is located.

27.     On information and belief, Dentalfone has assisted defendants in creating the ads, which Dentalfone knows or should have known unlawfully utilize a competitor's Mark.

28.     NDOC and LDC have bid against Kangaroo Smiles for the right to use its own Mark in internet advertising, with the result that Kangaroo Smiles must pay an inflated price to appear above NDOC and LDC in the advertised search results.

29.     On information and belief, LDC has also bid on the right to use the Kangaroo Smiles mark as a search term.

30.     When consumers who initially searched for "Kangaroo Smiles" click on defendants' sponsored link, they are taken directly to NDOC's website, nashuadocs.com, or LDC's website, lowelldocs.com.  There, consumers are enticed to purchase dental services for children from LDC or NDOC, two of Kangaroo Smiles' direct competitors.

31.     There is not, nor has there ever been, anything on nashuadocs.com or lowelldocs.com to disabuse consumers of the notion that there is some relationship between Kangaroo Smiles and NDOC and LDC.

32.     There is not, nor has there ever, been anything on nashuadocs.com that would have made clear to consumers that Kangaroo Smiles and NDOC and LDC are competing services from different sources.

33.     The mother of one Kangaroo Smiles patient said she no longer wanted to be seen in the "Nashua office" and asked to return to Lowell.  Kangaroo smiles has no Nashua office.  It turned out that the mother had searched for Kangaroo Smiles on the web and been diverted to NDOC, where her child had become a patient, with the understanding that NDOC was an office of Kangaroo Smiles.

34.     Doctors Watman and Becht, LDC, NDOC and Dentalfone have intentionally used the Kangaroo Smiles Mark to promote defendants' own dental services through Google.

35.     Kangaroo Smiles has not given NDOC and LDC permission to use the Kangaroo Smiles Mark in any manner.

36.     By using the Kangaroo Smiles Mark as described above, defendants are attempting to capitalize on the goodwill of the Kangaroo Smiles Mark to confuse consumers to mistakenly believe defendants are, or are associated or affiliated with, Kangaroo Smiles.  In this manner, defendants induce consumers to obtain dental care for their children at NDOC and LDC.

37.     Defendants have financially benefitted by their intentional, unauthorized use of the Kangaroo Smiles Mark.

38.     Plaintiff has been and will continue to be seriously damaged by Defendants' use of the Kangaroo Smiles Mark.  Specifically, consumers will purchase services from Defendants, believing they are associated with Plaintiff.  As a result, the value of the Kangaroo Smiles brand will be irreparably diminished and diluted.  Plaintiff will be irreparably harmed by the fact that the reputation of the services associated with the Kangaroo Smiles Mark is at the mercy of Plaintiff's competitors, and by the fact that the strength of the Kangaroo Smiles Mark is being diluted.

39.     When Kangaroo Smiles discovered defendants' unlawful conduct, Kangaroo Smiles spoke with Lanna Fortuna, the business manager at LDC and NDOC.  She denied using the Kangaroo Smiles Mark.  However, after Fortuna apparently believed she had hung up the phone, Kangaroo Smiles heard her say words to the effect of, "We told them not to be so obvious about it."

40.     Fortuna had, in the past, copied Kangaroo Smiles' Facebook postings and reposted them on behalf of LDC. Fortuna had also visited Kangaroo Smiles falsely claiming to be the parent of a child seeking pediatric dental services.

41.     NDOC and LDC, apparently on the advice of Dentalfone, continue to bid on AdWords for other competitors' names including that of Kangaroo Smiles and, in the absence of an injunction, may use the Kangaroo Smiles mark in the future.

COUNT I
Unfair Trade Practices
G.L. c. 93A, s 2 and 11

42.     All parties to this action are engaged in trade or commerce.

43.     Defendants have committed unfair trade practices including, but not limited to common law and statutory trademark infringement and dilution, including but not limited to:

(a) causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of the services marketed by NDOC and LDC;

(b) falsely indicating that the services marketed by NDOC and LDC have a connection with Kangaroo Smiles;

(c) falsely representing that the services offered by NDOC and LDC are of the same quality as those offered by pediatric dental practices including Kangaroo Smiles; and

(d) diverting consumers who would otherwise have purchased Kangaroo Smiles services to purchase Defendants' services.

44.     Defendants have violated 234 CMR 5.18(1), which states, "Unfair, misleading, deceptive and fraudulent advertising is prohibited." Violation of this regulation is grounds for professional discipline.

45.     Defendants have violated G.L. c. 112, s. 52A, which provides: "No registered

dentist, person practicing dentistry, or dental hygienist shall include, or permit, or cause to be

included, in any … advertising, any written or spoken words or statements of a character tending

to deceive or mislead the public…."  Violation of this regulation is punishable by criminal

sanctions and is grounds for professional discipline.

46.     Defendants' conduct is willful and has caused harm to plaintiffs.

COUNT II
Federal Trademark Infringement
(Lanham Act, 15 U.S.C. s. 1114)

47.     The Kangaroo Smiles Mark is inherently distinctive and has acquired secondary

meaning in the minds of Plaintiff's existing and prospective customers, causing them to associate

pediatric dental services bearing the Kangaroo Smiles Mark with Defendants.

48.     Defendants have used, and may continue to use, the Kangaroo Smiles Mark in

commerce in connection with the marketing of pediatric dental services.

49.     In using the Kangaroo Smiles Mark as described herein, Defendants are

deliberately and willfully capitalizing on the goodwill associated with the Kangaroo Smiles Mark

to cause confusion or mistake about the origin of the services Defendants are marketing, to

derive a benefit from Plaintiff's business and reputation, and to promote children's dental

services in direct competition with Plaintiff in the same channels of trade and marketing that

Kangaroo Smiles use to promote their services.

50.     In using the Kangaroo Smiles Mark as described herein, Defendants are also

deliberately and willfully diverting consumers who would otherwise have purchased Plaintiff's

services to Defendants' website to purchase Defendants' services.

51.     Defendants' use of the Kangaroo Smiles Mark is causing and is likely to continue causing confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Kangaroo Smiles.

52.     Kangaroo Smiles has not consented to Defendants' use of the Kangaroo Smiles Mark.

53.     The services Defendants are promoting and providing are in no way affiliated, connected, or associated with Kangaroo Smiles.

54.     Through the foregoing conduct, Defendants are willfully and intentionally confusing the public.  Therefore, Plaintiff is entitled to a presumption that Defendants' use of the Kangaroo Smiles Mark is causing a likelihood of confusion.

55.     As a direct and proximate result of the foregoing acts, practices and conduct, Kangaroo Smiles has been, and is likely to continue to be, substantially injured.

COUNT III
Federal Common Law Trademark Infringement

56.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

COUNT III
Massachusetts Statutory Trademark Infringement
G.L. c. 110H, §§ 12, 13, 16

57. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

COUNT IV
Massachusetts Common Law Trademark Infringement

58. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

COUNT V
Federal Unfair Competition
(Lanham Act, 15 U.S.C. s. 1125(a)

59. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

COUNT VI
Federal Trademark Dilution
(Lanham Act, 15 U.S.C. s. 1125(c)

60.     The Kangaroo Smiles mark is famous because it is widely recognized by the consuming public as a designation of source of the services promoted by the Kangaroo Smiles Mark.

61.     After the Kangaroo Smiles Mark became famous, Defendants began using the Kangaroo Smiles Mark in commerce, in the manners described above.

62.     In using the Kangaroo Smiles Mark, Defendants willfully intended to trade on the recognition of the Kangaroo Smiles Mark.

63.     Defendants' use of the Kangaroo Smiles Mark is causing dilution of that mark by blurring the distinctiveness of the Kangaroo Smiles Mark and lessening the capacity of that mark to identify and distinguish Plaintiff's services.

64.     Defendants' use of the Kangaroo Smiles Mark is causing dilution of that mark by tarnishment by harming the reputation of the Kangaroo Smiles Mark.

65.     As a direct and proximate result of the foregoing acts, practices and conduct, Plaintiff has been, and is likely to continue to be, substantially injured, as described above.

COUNT VII

Massachusetts Statutory Trademark Dilution
G.L. c. 110H, §§ 12, 13, 16

66. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

COUNT VIII
False Advertising
G.L. c. 266, s. 91

67.     Defendants have used and will continue to use plaintiff's Kangaroo Smiles Mark in search-engine advertising in order to mislead and trick the public into believing that the dental services Defendants offer are related to, sponsored by, or affiliated with the Kangaroo Smiles.

68.     The advertisements referenced in the foregoing paragraphs are untrue or fraudulent.  Defendants know, or with the exercise of reasonable care should know, that such advertisements are untrue or fraudulent.

69.     Defendants' false advertisements have had a material effect on the purchasing decisions of prospective consumers of pediatric dental services.

70.     As a direct and proximate result of the foregoing acts, practices and conduct, Plaintiff has been, and is likely to continue to be, substantially injured, as described above.

COUNT IX
Tortious Interference with Prospective Contractual Relations

71.     Kangaroo Smiles has prospective business relationships with consumers in need of pediatric dental services.

72.     Defendants induced these consumers not to enter into a business relationship with Kangaroo Smiles by misleading them into believing Defendants are or were affiliated with Kangaroo Smiles and then disparaging the services of a specialty practice, thereby inducing them into doing business with Defendants instead of Kangaroo Smiles.

73.     In perpetrating the foregoing scheme, Defendants acted improperly, without privilege, with malice, and with intent to injure Kangaroo Smiles' business.

74.     As a direct and proximate result of the foregoing acts, practices and conduct, Plaintiff has been, and is likely to continue to be, substantially injured, as described above.

## RELIEF REQUESTED

Kangaroo Smiles respectfully requests that this Honorable Court:

1. Enter judgment in favor of Kangaroo Smiles and against Defendants on the counts above;

2. Order defendants to pay treble damages and attorneys' fees and costs pursuant to 15 U.S.C. s. 1117(a) and (b) and G.L. c. 93A, s. 11;

3. Order defendants to account for and disgorge the profits derived from their unlawful acts;

4. Award damages including but not limited to Kangaroo Smiles' increased advertising costs and lost profits;

5. Issue a preliminary and ultimately a permanent injunction prohibiting Defendants, pursuant Fed. R. Civ. P. 65, 15 U.S.C. § 1116, and/or other applicable law, from:

   a. Using the Kangaroo Smiles Mark in commerce; and

   b. Using the Kangaroo Smiles Mark to attempt to solicit, divert, take away or attempt to divert or take away any existing customers of Kangaroo Smiles.

6. Order defendants to file with the Court and serve on Plaintiff a sworn written report setting forth in detail the manner and form in which defendants have complied with the injunction; and

7. Grant such other and further relief as justice requires.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully Submitted,
MD CONSULTANTS, INC. and
KANGAROO SMILES -
METHUEN, INC.,
By their attorneys,

*/s/ Joel Rosen*

Joel Rosen (BBO 567788)
Austin Smith (BBO 707740)
ROSEN & GOYAL, P.C.
204 Andover St., Ste. 402
Andover, MA 01810
978-474-0100
jrosen@rosengoyal.com
asmith@rosengoyal.com

Dated: September 7, 2021

## VERIFICATION

I, Simon Beylin, am the president of Kangaroo Smiles - Methuen, Inc. and the secretary
and treasurer of MD Consultants, Inc. I state under pains and penalties of perjury that I have
read the factual allegations of this Complaint and they are true, apart from those allegations made
on information and belief, and those I believe to be true.

Simon Beylin, DDS

# EXHIBIT A





# Welcome to Nashua Dentistry and Orthodontics for Children

We'll take care of you. It's clear from the moment you walk through the door: everyone in our office loves working with children and young adults. We enjoy treating them, teaching them great dental habits, and setting them up for a lifetime of feeling

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                                    SUPERIOR COURT
                                                                 NO.

MD CONSULTANTS, INC. and            )
KANGAROO SMILES -                   )
METHUEN, INC.,                      )
        Plaintiffs                  )
                                    )
v.                                  )                            **RECEIVED**
                                    )
LOWELL DENTISTRY                    )                            9/8/2021
FOR CHILDREN, P.C.,                 )
NASHUA DENTISTRY AND                )
ORTHODONTICS FOR CHILDREN, INC. )
DENTALFONE, LLC, and                )
AARON WATMAN, DDS, and              )
JOSEPH BECHT, DMD,                  )
        Defendants                  )

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs MD Consultants, Inc. and Kangaroo Smiles – Methuen, Inc. (collectively "Kangaroo Smiles") submit this Memorandum of Law in support of their Motion for Preliminary Injunction.

## FACTS

Kangaroo Smiles owns the Kangaroo Smiles trademark ("the Mark"). The Mark is federally registered and inherently distinctive. Defendants Lowell Dentistry for Children, P.C. ("LDC") and Nashua Dentistry and Orthodontics for Children, Inc. ("NDOC") have purchased the rights through Google's AdWords product for a sponsored link to their website to appear when consumers enter the search term *Kangaroo Smiles* on Google. LDC and NDOC are both dental offices that provide the same pediatric dental services that Kangaroo Smiles does. Both

RM

offices are located within 11 miles of Kangaroo Smiles' Lowell office. One is only three miles away.

When consumers enter the search term *Kangaroo Smiles* on Google, a sponsored link to the NDOC and LDC websites may be the first result. This is because the headline of one of these ads says, "Nashua Dentistry for Children—Kangaroo Smiles." (NDOC Ad, attached as Exhibit A to Verified Complaint). Consumers who click on the NDOC sponsored ad are taken to nashuadocs.com, the website of NDOC, or lowelldocs.com, the website of LDC, depending on where the consumer is located. There, consumers are enticed to purchase dental services for children from LDC or NDOC, two of Kangaroo Smiles' direct competitors.

The unauthorized use of the Kangaroo Smiles Mark is intended to confuse consumers and has in fact confused consumers.  The mother of one Kangaroo Smiles patient said she no longer wanted to be seen in the "Nashua office" and asked to return to Lowell.  Kangaroo smiles has no Nashua office.  It turned out that the mother had searched for Kangaroo Smiles on the web and been diverted to NDOC, where her child had become a patient, with the understanding that NDOC was an office of Kangaroo Smiles.

When Kangaroo Smiles discovered defendants' unlawful conduct, Kangaroo Smiles spoke with Lanna Fortuna, the business manager at LDC and NDOC.  She denied using the Kangaroo Smiles Mark.  However, after Fortuna apparently believed she had hung up the phone, Kangaroo Smiles heard her say words to the effect of, "We told them not to be so obvious about it."

<u>ARGUMENT</u>

A party seeking a preliminary injunction must show (1) a likelihood of success on the merits; (2) that irreparable harm will result from denial of the injunction; and (3) that, in light

of the moving party's likelihood of success on the merits, the risk of irreparable harm to the moving party outweighs the potential harm to the nonmoving party in granting the injunction. Garcia v. Dep't of Hous. & Cmty. Dev., 480 Mass. 736, 747 (2018).

**1. Plaintiffs are likely to succeed on the merits.**

*a. Defendants have infringed on the Kangaroo Smiles trademark.*

In order to make out a claim of trademark infringement, a party must show (1) that the plaintiff owns a valid and protectable mark; (2) that the defendant made a commercial use of that mark without the plaintiff's consent; and (3) that the defendant's use of the mark is likely to create confusion, thus causing harm to the plaintiff. Jenzabar, Inc. v. Long Bow Grp., Inc., 82 Mass. App. Ct. 648, 654 (2012); 15 U.S.C. §§ 1114(1)(a).

i. Kangaroo Smiles owns a valid and protectible mark.

The Mark is federally registered. The registration number is 5101849. The Kangaroo Smiles Mark encompasses its use in connection with dental services and products generally and pediatric dentistry services specifically. The Mark is inherently distinctive. Since at least 2015, Kangaroo Smiles has spent significant time, money, and effort engaging in extensive advertising, marketing, and promotion of the Kangaroo Smiles Mark and the services associated with the mark. These efforts include the use of the Kangaroo Smiles Mark on the internet.

ii. The Defendants made a commercial use of the Mark without Kangaroo Smiles' consent.

The defendants made commercial use of the mark without the plaintiff's consent by purchasing the right for the search term *Kangaroo Smiles* to generate a sponsored ad reading "Nashua Dentistry for Children—Kangaroo Smiles." This conduct has been held to violate the Lanham Act. "In light of the Lanham Act's language and the broader purposes of the trademark

statute, there is little question that the purchase of a trademarked keyword to trigger sponsored links constitutes a "use" within the meaning of the Lanham Act." <u>Hearts on Fire Co., LLC v. Blue Nile, Inc.</u>, 603 F.Supp.2d 274, 280–83 (D.Mass.2009).

To be liable under the Lanham Act, a defendant must use a mark "in connection with the sale, offering for sale, distribution, or advertising of any goods or services." 15 U.S.C. § 1114(1)(a). The Defendants are using the Kangaroo Smiles Mark in connection with the sale, offering for sale, and advertising of their dental services because the term *Kangaroo Smiles*, when typed by potential consumers on Google, generates a sponsored ad for the Defendant's website with the words "Kangaroo Smiles" attached to it. Kangaroo Smiles never consented to this unauthorized use of their Mark.  Kangaroo Smiles has identified at least one consumer who searched for Kangaroo Smiles' dental services and ended up choosing either NDOC or LDC for dental services. It may never be possible to find out how many consumers were similarly misled. Therefore, Kangaroo Smiles has no adequate remedy at law.

> iii.  <u>The Defendants' use of the mark is likely to create confusion, thus causing harm to the plaintiff</u>

The defendants' use of the Mark already has created confusion. The factors considered in likelihood of confusion inquiries are:

> "(1) the similarity of the marks; (2) the similarity of the goods; (3) the relationship between the parties' channels of trade; (4) the relationship between the parties' advertising; (5) the classes of prospective purchasers; (6) evidence of actual confusion; (7) the defendant's intent in adopting its mark; and (8) the strength of the plaintiff's mark.... No one factor is necessarily determinative, but each must be considered."

I.P. Lund Trading ApS v. Kohler Co., 163 F.3d 27, 43 (1st Cir. 1998) (citing Boston Athletic

Ass'n v. Sullivan, 867 F.2d 22, 29 (quoting Volkswagenwerk Aktiengesellschaft v. Wheeler, 814

F.2d 812, 817 (1st Cir.1987)) (citations and internal quotation marks omitted).

Further, when plaintiffs allege specifically that defendants are engaging in search term

manipulation that results in consumers being directed to defendant's website when consumers

enter the plaintiff's trademarked term into a search engine, this is classified as "initial interest

confusion." Jenzabar, 82 Mass. App. Ct. at  656.Although plaintiffs alleging this type of

confusion do not allege that any sale results from the alleged trademark infringement (which is

not the case here, as there is evidence that at least one Kangaroo Smiles customer mistakenly

became a client of NDOC under the impression that the office was a Kangaroo Smiles office),

Massachusetts courts look to a specific set of factors in this scenario:

> (1) the relatedness of the parties' goods or services;
>
> (2) the level of care exercised by the relevant consumers;
>
> (3) the strength of the plaintiff's mark;
>
> (4) the defendant's intent in using the plaintiff's mark; and
>
> (5) evidence of actual consumer confusion.

Id. at 657. In cases that involve Internet search results, courts also look to the visual appearance

of the particular link or advertisement in context on the screen. Id.

After weighing these six factors, this court should find substantial likelihood of

succeeding on the trademark infringement claim. The parties' services are identical – both of

defendants' offices provide pediatric dental services as close as three miles away from Kangaroo

Smiles. Consumers clicking a link which includes the words "Kangaroo Smiles" after searching

for "Kangaroo Smiles" cannot be said to be careless when contacting that office under the

impression that it is a Kangaroo Smiles office. The plaintiff's mark is strong, as it is federally registered, suggestive, and has acquired inherent distinctiveness through years of brand-building activity. The defendant's intent in using the plaintiff's mark is clearly nefarious: to lure consumers searching for Kangaroo Smiles' services to become patients at their dental offices. They succeeded in doing so in at least one documented occasion, showing evidence of actual consumer confusion. It is "well-settled" that "evidence of actual confusion ... is not necessary to a finding of likelihood of confusion, although it is the best such evidence," and that "a sufficiently strong showing of likelihood of confusion may by itself constitute a showing of substantial likelihood of prevailing on the merits and/or a substantial threat of irreparable harm." B.B. Kitchen, Inc. vs. Azumi, Ltd., Mass. Super., No. 1984CV02030BLS1 (July 16, 2019), citing E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imports, Inc., 756 F.2d 1525, 1529, 1530 (11th Cir. 1985) (emphasis in original). See also Omaha Steaks Int'l, Inc. v. Frontier Choice Steaks, LLC, 2013 WL 6491475, at *1 (N.D.Iowa Dec. 10, 2013) (plaintiff's "evidence of actual confusion moves this case beyond a presumption to a demonstration of irreparable harm") (emphasis in original); Borinquen Biscuit Corp. v. M.V. Trading Corp., 443 F.3d 112, 120 (1st Cir.2006)) (stating that evidence of actual confusion is "often deemed the best evidence of possible future confusion…") Lastly, the visual appearance of the particular link/advertisement is very misleading because it includes the name "Kangaroo Smiles" in a link to a website not affiliated with Kangaroo Smiles in any way.

Courts have held that the practice of buying the rights to an AdWord that is trademarked by another entity, coupled with likelihood of consumer confusion, constitutes trademark infringement, justifying injunctive relief. Tempur-Pedic N. Am., LLC v. Mattress Firm, Inc., No. CV H-17-1068, 2017 WL 2957912, at *12 (S.D. Tex. July 11, 2017) (granting preliminary

injunction in "initial interest confusion" case when defendant bought rights to AdWords for plaintiff's trademarked brand name, finding likelihood of confusion despite no evidence of actual confusion); <u>CJ Prod. LLC v. Snuggly Plushez LLC</u>, 809 F. Supp. 2d 127, 161 (E.D.N.Y. 2011) (granting preliminary injunction when defendant bought rights to AdWords for plaintiff's trademarked brand name and plaintiffs demonstrated evidence of actual consumer confusion).

**2. Irreparable harm will result without an injunction.**

Kangaroo Smiles has been and will continue to be seriously damaged by Defendants' use of the Kangaroo Smiles Mark.  Specifically, consumers will purchase services from Defendants, believing they are associated with Plaintiff.  As a result, the value of the Kangaroo Smiles brand will be irreparably diminished and diluted.  Plaintiff will be irreparably harmed by the fact that the reputation of the services associated with the Kangaroo Smiles Mark is at the mercy of Plaintiff's competitors, and by the fact that the strength of the Kangaroo Smiles Mark is being diluted.

**3. The harm suffered by Kangaroo Smiles far outweighs any potential harm to Defendants if an injunction is granted.**

Kangaroo Smiles has demonstrated documented damages suffered as a result of Defendants' unlawful actions. The only harm suffered by Defendants is that they will need to resort to lawful advertising methods.

<u>RELIEF REQUESTED</u>

Pursuant to Massachusetts Rule of Civil Procedure 65(b), Plaintiffs respectfully move for this Court to issue a preliminary injunction, ordering the Defendants to:

1. Stop using the Kangaroo Smiles Mark in commerce;

2. Stop using the Kangaroo Smiles Mark to attempt to solicit, divert, take away or attempt to divert or take away any existing customers of Kangaroo Smiles; and

3.  File with the Court and serve on Plaintiff a sworn written report setting forth in detail

the manner and form in which defendants have complied with the injunction.

Respectfully submitted,
MD CONSULTANTS, INC. and
KANGAROO SMILES - METHUEN, INC.,
By their attorneys,


*/s/ Joel Rosen*
Joel Rosen (BBO 567788)
Austin Smith (BBO 707740)
ROSEN & GOYAL, P.C.
204 Andover St., Ste. 402
Andover, MA 01810
978-474-0100
jrosen@rosengoyal.com
asmith@rosengoyal.com

Dated:  September 3, 2021

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT
                                                 NO.


MD CONSULTANTS, INC. and            )
KANGAROO SMILES -                   )
METHUEN, INC.,                      )
        Plaintiffs                  )
                                    )
v.                                  )                    **RECEIVED**
                                    )
                                    )                      9/8/2021
LOWELL DENTISTRY                    )
FOR CHILDREN, P.C.,                 )
NASHUA DENTISTRY AND                )
ORTHODONTICS FOR CHILDREN, INC. )
DENTALFONE, LLC, and                )
AARON WATMAN, DDS, and              )
JOSEPH BECHT, DMD,                  )
        Defendants                  )


## <u>PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION</u>

Plaintiffs MD Consultants, Inc. and Kangaroo Smiles – Methuen, Inc. (collectively

"Kangaroo Smiles") seek a preliminary injunction enjoining Defendants from using the

Kangaroo Smiles Mark and otherwise attempting to solicit, divert, take away or attempt to divert

or take away any existing customers of Kangaroo Smiles. As grounds for this motion, the

Plaintiff states:

1. Kangaroo Smiles owns all right, title and interest in the Kangaroo Smiles trademark

   ("the Mark"). The Mark is registered.  The registration number is 5101849.

2. Kangaroo Smiles is the senior user of the Mark on the Internet, and the Mark

   encompasses its use in connection with dental services and products generally and

   pediatric dentistry services specifically. The Mark is inherently distinctive.

1

3. Defendants Lowell Dentistry for Children, P.C. ("LDC") and Nashua Dentistry and Orthodontics for Children, Inc. ("NDOC") have, though the actions of both the president of both LDC and NDOC, Defendant Aaron Watman, DDS, and the secretary of NDOC, Defendant Joseph Becht, DMD, paid Google, through Google's AdWords program, for the right to have the keyword *Kangaroo Smiles* trigger the advertisement of a sponsored link to their own websites. The headline for one of the advertisements reads "Nashua Dentistry for Children—Kangaroo Smiles." Kangaroo Smiles is not located in Nashua, but NDOC is. The link takes consumers directly to either NDOC's website, nashuadocs.com, or LDC's website, lowelldocs.com.

4. This practice constitutes trademark infringement. It creates a substantial likelihood of confusion among consumers that that the services provided by NDC and LDOC are actually provided by Kangaroo Smiles because NDC and LDOC are both located a few miles away from Kangaroo Smiles and also provide pediatric dentistry services, just as Kangaroo Smiles does. There is already one documented instance in which a mother of a Kangaroo Smiles became a patient of NDC, because she had been led to believe it was an office of Kangaroo Smiles.

5. A preliminary injunction is an appropriate remedy. Kangaroo Smiles is likely to succeed on the merits, as Defendants' actions constitute unlawful trademark infringement. Kangaroo Smiles will suffer irreparable harm if NDC and LDOC are allowed to continue confusing current and potential Kangaroo Smiles clients into believing that the services provided by Kangaroo Smiles are actually provided by NDC and LDOC. The Kangaroo Smiles brand will be irreparably diminished, and the strength of the Mark will continue to be diluted.

6. It is "well-settled" that "evidence of actual confusion ... is not necessary to a finding of likelihood of confusion, although it is the best such evidence," and that "a sufficiently strong showing of likelihood of confusion may by itself constitute a showing of substantial likelihood of prevailing on the merits and/or a substantial threat of irreparable harm." <u>B.B. Kitchen, Inc. vs. Azumi, Ltd.</u>, Mass. Super., No. 1984CV02030BLS1 (July 16, 2019), citing <u>E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imports, Inc.</u>, 756 F.2d 1525, 1529, 1530 (11th Cir. 1985) (emphasis in original). <u>See also</u> <u>Omaha Steaks Int'l, Inc. v. Frontier Choice Steaks, LLC</u>, 2013 WL 6491475, at *1 (N.D. Iowa Dec. 10, 2013) (plaintiff's "evidence of actual confusion moves this case beyond a presumption to a demonstration of irreparable harm") (emphasis in original).

7. Here, there is evidence of actual confusion, which is not surprising in that defendants are advertising with the exact name of a competitor in exactly the same business with an office three miles away.

8. The risk of irreparable harm to Kangaroo Smiles far outweighs any potential harm to the Defendants. Defendants suffer no harm if they are no longer allowed to advertise with someone else's Mark, because they have no legal right to do so.

9. As further grounds for this motion, Plaintiffs rely on their Verified Complaint and Memorandum of Law, both submitted herewith.

<u>RELIEF REQUESTED</u>

Pursuant to Massachusetts Rule of Civil Procedure 65(b), Plaintiffs respectfully move for this Court to issue a preliminary injunction, ordering the Defendants to:

1. Stop using the Kangaroo Smiles Mark in commerce;

2. Stop using the Kangaroo Smiles Mark to attempt to solicit, divert, take away or attempt to divert or take away any existing customers of Kangaroo Smiles; and

3. File with the Court and serve on Plaintiff a sworn written report setting forth in detail the manner and form in which defendants have complied with the injunction.

> Respectfully submitted,
> MD CONSULTANTS, INC. and
> KANGAROO SMILES - METHUEN, INC.,
> By their attorney,
>
>
> */s/ Joel Rosen*
> Joel Rosen (BBO 567788)
> Austin Smith (BBO 707740)
> ROSEN & GOYAL, P.C.
> 204 Andover St., Ste. 402
> Andover, MA 01810
> 978-474-0100
> jrosen@rosengoyal.com
> asmith@rosengoyal.com

Dated:  September 3, 2021

4

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                    SUPERIOR COURT
                                                 NO.

MD CONSULTANTS, INC. and              )
KANGAROO SMILES -                     )
METHUEN, INC.,                        )
    Plaintiffs                        )
                                      )
v.                                    )                    **RECEIVED**
                                      )                    9/8/2021
LOWELL DENTISTRY                      )
FOR CHILDREN, P.C.,                   )
NASHUA DENTISTRY AND                  )
ORTHODONTICS FOR CHILDREN, INC. )
DENTALFONE, LLC, and                  )
AARON WATMAN, DDS, and                )
JOSEPH BECHT, DMD,                    )
    Defendants                        )

## PLAINTIFFS' MOTION FOR A SHORT ORDER OF NOTICE

The Plaintiffs move that the Court issue a short order of Notice requiring that the

Defendants appear for a hearing on Plaintiffs' Motion for Preliminary Injunction on _____

_____, 2021, at _____,[1] and show cause why Plaintiffs' Motion for

Preliminary Injunction should not be allowed.

In support of this Motion, Plaintiffs state that an expedited hearing on their Motion for

Preliminary Injunction must be scheduled in order to prevent irreparable harm to the Plaintiffs who

have suffered and will continue to suffer monetary damages as a result of Defendants' unlawful

trademark infringement. The Defendants' actions have already caused and will continue to cause

---

[1] Plaintiffs request, if possible, that the Court schedule the hearing within the next two weeks.

1

RM

consumer confusion as to the source of the services provided by Plaintiffs. These actions unlawfully divert consumers seeking Plaintiffs' services to the Defendants' websites.

Plaintiffs further rely on their Verified Complaint, Motion for Preliminary Injunction, and accompanying Memorandum of Law in Support of the Motion for Preliminary Injunction.

Respectfully submitted,
MD CONSULTANTS, INC. and
KANGAROO SMILES - METHUEN, INC.,
By their attorneys,


*/s/ Joel Rosen*
Joel Rosen (BBO 567788)
Austin Smith (BBO 707740)
ROSEN & GOYAL, P.C.
204 Andover Street, Ste. 402
Andover, MA 01810
978-474-0100
jrosen@rosengoyal.com
asmith@rosengoyal.com


Dated:  September 3, 2021

2

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2181CV01964 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| TO:  File Copy | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |
|---|---|

### TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                                                 **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 12/07/2021 | |
| Response to the complaint filed (also see MRCP 12) | | 01/06/2022 | |
| All motions under MRCP 12, 19, and 20 | 01/06/2022 | 02/07/2022 | 03/07/2022 |
| All motions under MRCP 15 | 11/02/2022 | 12/02/2022 | 12/02/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 08/29/2023 | | |
| All motions under MRCP 56 | 09/28/2023 | 10/30/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/26/2024 |
| Case shall be resolved and judgment shall issue by | | | 09/09/2024 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>**09/09/2021** | ASSISTANT CLERK<br>**Matthew Day** | | PHONE |
|---|---|---|---|

SCV026\ 08/2018

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>2181CV01964 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>**MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al** | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| To:<br>**Joseph Becht** | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |
|---|---|

To the above named defendant(s):

      You are hereby summoned and required to serve upon:

          **Joel Rosen, Esq.**
          **Rosen and Goyal, P.C.**
          **204 Andover St**
          **Suite 402**
          **Andover, MA 01810**

      an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.

      Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

                    Date: **09/15/2021**

                    Time: **03:30 PM**

              Event: **Hearing on Preliminary Injunction**

      Session Location: **Civil L2 CR16 /**

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>09/09/2021 | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Heidi E Brieger** | ASSOCIATE JUSTICE<br>**Camille Sarrouf** | ASSISTANT CLERK<br>X |
|---|---|---|---|

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

                                                                PARTY NAME:

                                                                  X

| **SUMMONS AND ORDER OF NOTICE** | DOCKET NUMBER<br><br>**2181CV01964** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|
| CASE NAME:<br>**MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al** | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| To:<br><br>**Aaron Watman, D.D.S** | | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |

To the above named defendant(s):

      You are hereby summoned and required to serve upon:

               **Joel Rosen, Esq.**
               **Rosen and Goyal, P.C.**
               **204 Andover St**
               **Suite 402**
               **Andover, MA 01810**

      an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.

      Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

                        **Date: 09/15/2021**

                        **Time: 03:30 PM**

                    **Event: Hearing on Preliminary Injunction**

             **Session Location: Civil L2 CR16 /**

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br><br>**09/09/2021** | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Heidi E Brieger** | ASSOCIATE JUSTICE<br><br>**Camille Sarrouf** | ASSISTANT CLERK<br>X *[signature]* |
|---|---|---|---|

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

                                           PARTY NAME:

                                             X

SCV027\ 04/2017

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>**2181CV01964** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>**MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al** | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| To:<br>**Dentalfone, Llc** | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |
|---|---|

To the above named defendant(s):

> You are hereby summoned and required to serve upon:
> **Joel Rosen, Esq.**
> **Rosen and Goyal, P.C.**
> **204 Andover St**
> **Suite 402**
> **Andover, MA 01810**

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date:** 09/15/2021

**Time:** 03:30 PM

**Event:** Hearing on Preliminary Injunction

**Session Location:** Civil L2 CR16 /

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>**09/09/2021** | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Heidi E Brieger** | ASSOCIATE JUSTICE<br>**Camille Sarrouf** | ASSISTANT CLERK<br>X |
|---|---|---|---|

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

SCV027\04/2017

| **SUMMONS AND ORDER OF NOTICE** | DOCKET NUMBER<br>**2181CV01964** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>**MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al** | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| To:<br>**Lowell Dentistry For Children, P.c.** | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |
|---|---|

To the above named defendant(s):

      You are hereby summoned and required to serve upon:

               **Joel Rosen, Esq.**
               **Rosen and Goyal, P.C.**
               **204 Andover St**
               **Suite 402**
               **Andover, MA 01810**

      an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.

      Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date: 09/15/2021**

**Time: 03:30 PM**

**Event: Hearing on Preliminary Injunction**

**Session Location: Civil L2 CR16 /**

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>09/09/2021 | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Heidi E Brieger** | ASSOCIATE JUSTICE<br>**Camille Sarrouf** | ASSISTANT CLERK<br>X |
|---|---|---|---|

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

          X

Date/Time Printed: 09-09-2021 11:37:52

SCV027\.04/2017

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>2181CV01964 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| To:<br>Nashua Dentistry And Orthodontics For Children, Inc. | | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |

To the above named defendant(s):

You are hereby summoned and required to serve upon:

**Joel Rosen, Esq.**
**Rosen and Goyal, P.C.**
**204 Andover St**
**Suite 402**
**Andover, MA 01810**

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

Date: **09/15/2021**

Time: **03:30 PM**

Event: **Hearing on Preliminary Injunction**

Session Location: **Civil L2 CR16 /**

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>09/09/2021 | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Heidi E Brieger** | ASSOCIATE JUSTICE<br>**Camille Sarrouf** | ASSISTANT CLERK<br>X |
|---|---|---|---|

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

Date/Time Printed: 09-09-2021 11:37:52

SCV027\ 04/2017

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER 2181CV01964 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al | Michael A. Sullivan, Clerk of Court Middlesex County |
|---|---|
| To: Joseph Becht | COURT NAME & ADDRESS Middlesex Superior - Lowell 370 Jackson Street Lowell, MA 01852 |

To the above named defendant(s):

You are hereby summoned and required to serve upon:

**Joel Rosen, Esq.**
**Rosen and Goyal, P.C.**
**204 Andover St**
**Suite 402**
**Andover, MA 01810**

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date:** 09/30/2021

**Time:** 02:00 PM

**Event:** Hearing on Preliminary Injunction

**Session Location:** Civil L2 CR16 /

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED 09/14/2021 | CHIEF JUSTICE OF THE SUPERIOR COURT Witness: Hon. Heidi E Brieger | ASSOCIATE JUSTICE Camille Sarrouf | ASSISTANT CLERK X |
|---|---|---|---|

| RETURN OF SERVICE |
|---|

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

SCV027\ 04/2017

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br><br>2181CV01964 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| To:<br><br>Aaron Watman, D.D.S | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |
|---|---|

To the above named defendant(s):

You are hereby summoned and required to serve upon:

**Joel Rosen, Esq.**
**Rosen and Goyal, P.C.**
**204 Andover St**
**Suite 402**
**Andover, MA 01810**

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date:** 09/30/2021

**Time:** 02:00 PM

**Event:** Hearing on Preliminary Injunction

**Session Location:** Civil L2 CR16 /

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br><br>09/14/2021 | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>Hon. Heidi E Brieger | ASSOCIATE JUSTICE<br><br>Camille Sarrouf | ASSISTANT CLERK<br><br>X |
|---|---|---|---|

| RETURN OF SERVICE |
|---|

I hereby certify and return that on _____ , I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

Date/Time Printed: 09-14-2021 15:08:30                                                                                    SCV027\ 04/2017

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>**2181CV01964** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|
| CASE NAME:<br>**MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al** | Michael A. Sullivan, Clerk of Court<br>Middlesex County | |
| To:<br>**Dentalfone, Llc** | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 | |

To the above named defendant(s):

      You are hereby summoned and required to serve upon:

                    **Joel Rosen, Esq.**
                    **Rosen and Goyal, P.C.**
                    **204 Andover St**
                    **Suite 402**
                    **Andover, MA 01810**

      an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.

      Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

                                **Date:** 09/30/2021

                              **Time:** 02:00 PM

                            **Event:** Hearing on Preliminary Injunction

              **Session Location:** Civil L2 CR16 /

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>**09/14/2021** | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Heidi E Brieger** | ASSOCIATE JUSTICE<br>**Camille Sarrouf** | ASSISTANT CLERK<br>X _(signature)_ |
|---|---|---|---|

**RETURN OF SERVICE**

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>2181CV01964 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>**MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al** | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| To:<br>**Nashua Dentistry And Orthodontics For Children, Inc.** | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |
|---|---|

To the above named defendant(s):

You are hereby summoned and required to serve upon:

**Joel Rosen, Esq.**
**Rosen and Goyal, P.C.**
**204 Andover St**
**Suite 402**
**Andover, MA 01810**

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

Date: **09/30/2021**

Time: **02:00 PM**

Event: **Hearing on Preliminary Injunction**

Session Location: **Civil L2 CR16 /**

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>**09/14/2021** | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Heidi E Brieger** | ASSOCIATE JUSTICE<br>**Camille Sarrouf** | ASSISTANT CLERK<br>X |
|---|---|---|---|

**RETURN OF SERVICE**

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

Date/Time Printed: 09-14-2021 15:08:30

SCV027\ 04/2017

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>2181CV01964 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| To:<br>**Lowell Dentistry For Children, P.c.** | | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |

To the above named defendant(s):

　　You are hereby summoned and required to serve upon:

**Joel Rosen, Esq.**
**Rosen and Goyal, P.C.**
**204 Andover St**
**Suite 402**
**Andover, MA 01810**

　　an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.

　　Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date: 09/30/2021**

**Time: 02:00 PM**

**Event: Hearing on Preliminary Injunction**

**Session Location: Civil L2 CR16 /**

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>09/14/2021 | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Heidi E Brieger** | ASSOCIATE JUSTICE<br>**Camille Sarrouf** | ASSISTANT CLERK<br>X |
|---|---|---|---|

| RETURN OF SERVICE |
|---|

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

**8**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
NO. 2181CV01964

MD CONSULTANTS, INC. and )
KANGAROO SMILES - )
METHUEN, INC., )
     Plaintiffs )
      )
v. )
      )
LOWELL DENTISTRY )
FOR CHILDREN, P.C., )
NASHUA DENTISTRY AND )
ORTHODONTICS FOR CHILDREN, INC. )
DENTALFONE, LLC, and )
AARON WATMAN, DDS, and )
JOSEPH BECHT, DMD, )
     Defendants )

**L2**

RECEIVED
9/14/2021

## PLAINTIFFS' MOTION TO CONTINUE HEARING

NOW COME the Plaintiffs, MD Consultants, Inc. and Kangaroo Smiles - Methuen, Inc.,

through their attorney, Joel Rosen, who request that this Court continue the hearing on the

Plaintiffs' Motion for Preliminary Injunction currently scheduled for September 15, 2021 to

September 21, September 22, September 23, 2021, or the following week for the following

reasons:

1. Plaintiffs' attorney Joel Rosen has a conflict and is not available September 15, 2021; and

2. Plaintiffs received the Summons and Order of Notice on September 13, 2021 and will not

    have time to effect service on all defendants, including a New Hampshire defendant and a

    Florida defendant, before September 15, 2021.

JN

Respectfully Submitted,
MD CONSULTANTS, INC. and
KANGAROO SMILES -
METHUEN, INC.,
By their attorneys,


*/s/ Joel Rosen*

Joel Rosen (BBO 567788)
Austin Smith (BBO  707740)
ROSEN & GOYAL, P.C.
204 Andover St., Ste. 402
Andover, MA 01810
978-474-0100
jrosen@rosengoyal.com
asmith@rosengoyal.com


Dated: September 14, 2021

101

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                      SUPERIOR COURT
                                                   NO. 2181CV01964

MD CONSULTANTS, INC. and          )
KANGAROO SMILES -                 )
METHUEN, INC.,                    )
          Plaintiffs              )
                                  )
v.                                )
                                  )
LOWELL DENTISTRY                  )
FOR CHILDREN, P.C.,               )
NASHUA DENTISTRY AND              )
ORTHODONTICS FOR CHILDREN, INC. )
DENTALFONE, LLC, and              )
AARON WATMAN, DDS, and            )
JOSEPH BECHT, DMD,                )
          Defendants              )

## PLAINTIFFS' MOTION TO CONTINUE HEARING

NOW COME the Plaintiffs, MD Consultants, Inc. and Kangaroo Smiles - Methuen, Inc.,

through their attorney, Joel Rosen, who request that this Court continue the hearing on the

Plaintiffs' Motion for Preliminary Injunction currently scheduled for September 30, 2021 to any

date between October 12, 2021 and October 15, 2021. As grounds for this motion, defendants

have represented they have not had time between service and the hearing date to evaluate the

claims and decide whether to assent to the motion, determine whether insurance coverage exists,

or prepare an opposition. As a courtesy, plaintiffs have agreed to enlarge the time.

*Allowed, the court to schedule a new date for hearing. Rosen (9-28-21)*

13

L2

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>2181CV01964 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| To:<br>Joseph Becht | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |
|---|---|

To the above named defendant(s):

   You are hereby summoned and required to serve upon:

**Joel Rosen, Esq.**
**Rosen and Goyal, P.C.**
**204 Andover St**
**Suite 402**
**Andover, MA 01810**

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

OCT 01 2021

CLERK

   an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.
   Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date: 09/30/2021**

**Time: 02:00 PM**

**Event: Hearing on Preliminary Injunction**

**Session Location: Civil L2 CR16 /**

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>09/14/2021 | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Heidi E Brieger** | ASSOCIATE JUSTICE<br>**Camille Sarrouf** | ASSISTANT CLERK<br>X |
|---|---|---|---|

RETURN OF SERVICE

I hereby certify and return that on ___9-21-21___, I served a copy of this summons, together with a copy of the Complaint. Last & Usual. Said service was made at 6 Priscilla Ln. Winchester, MA

AFTERWARDS ON THE SAME
DAY I MAILED 1st CLASS A
COPY OF SAME TO THE
WITHIN ADDRESS

PARTY NAME:
X _Ronald Digiorgio_

Ronald Digiorgio

Date/Time Printed: 09-14-2021 15:06:30

SCV02N 04/2017

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>2181CV01964 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>**MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al** | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| To:<br>**Lowell Dentistry For Children, P.C.** | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |
|---|---|

To the above named defendant(s):

You are hereby summoned and required to serve upon:

**Joel Rosen, Esq.**
**Rosen and Goyal, P.C.**
**204 Andover St**
**Suite 402**
**Andover, MA 01810**

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

OCT 01 2021

CLERK

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

**Date:** 09/30/2021

**Time:** 02:00 PM

**Event:** Hearing on Preliminary Injunction

**Session Location:** Civil L2 CR16 /

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>09/14/2021 | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Heidi E Brieger** | ASSOCIATE JUSTICE<br>**Camille Sarrouf** | ASSISTANT CLERK<br>X |
|---|---|---|---|

RETURN OF SERVICE

I hereby certify and return that on ___9-21-21___ , I served a copy of this summons, together with a copy of the Complaint. IN HAND. SAid service was made at 17 Wood St Lowell and accepted by Cortney Shay, Associate

PARTY NAME:

X Ronald Bertheim

Ronald Bertheim

Date/Time Printed: 09-14-2021 15:08:30

SCV027i 04/2017



| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>2181CV01964 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| To:<br><br>Aaron Watman, D.D.S | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |
|---|---|

To the above named defendant(s):

You are hereby summoned and required to serve upon:

        Joel Rosen, Esq.
        Rosen and Goyal, P.C.
        204 Andover St
        Suite 402
        Andover, MA 01810

> FILED
> IN THE OFFICE OF THE
> CLERK OF COURTS
> FOR THE COUNTY OF MIDDLESEX
>
> OCT 0 1 2021
>
> /CLERK

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.

        Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

        Date: 09/30/2021

        Time: 02:00 PM

        Event: Hearing on Preliminary Injunction

        Session Location: Civil L2 CR16 /

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>09/14/2021 | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>Hon. Heidi E Brieger | ASSOCIATE JUSTICE<br>Camille Sarrouf | ASSISTANT CLERK<br>X |
|---|---|---|---|

**RETURN OF SERVICE**

I hereby certify and return that on ___9-23-21___ , I served a copy of this summons, together with a copy of the Complaint. Last & Usual. Said service was made at 25 Black Horse Dr. Acton Copy given to adult daughter Grace watman living in the household

PARTY NAME:  Joseph Topol

X _Joseph Topol_

Date/Time Printed: 09-14-2021 15:08:30

SCV027r 04/2017

14                                                          L2

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.
                                              SUPERIOR COURT

                                              Case No:2181CV01964
                                              Division:Civil

MD CONSULTANTS, INC. et al.

Petitioner,

v.

LOWELL DENTISTRY FOR
CHILDREN, P.C. et al.

Respondent.

> FILED
> IN THE OFFICE OF THE
> CLERK OF COURTS
> FOR THE COUNTY OF MIDDLESEX
>
> OCT 0 1 2021
>
> _____
> CLERK

### RETURN OF SERVICE

| | |
|---|---|
| Writ: | Summons, Order of Notice, Complaint, Motion for Preliminary Injunction |
| Attachments: | Cover Sheet, Memo in Support of Preliminary Injuntion, Proposed Order, Motion to Continue Hearing, Exhibit A |

| | | | |
|---|---|---|---|
| Requestor: | Joel Rosen, Esq. | | |
| Control No: | 00103 | Received: | 09/20/21   @ 3:00 PM |
| Party Served: | SCOTT M. HAWLEY | Executed: | 09/23/21   @ 2:40 PM |
| Location: | 488 Barrello Ln, Cocoa Beach, FL 32931 | Title/Relation: Defendant | |
| Manner: | Personal / Individual | | |

| | |
|---|---|
| Note: | Registered Agent, Dentalfone, LLC. |
| Agency: | Brevard Process Service, LLC. |
| Address: | PO Box 540548, Merritt Is, FL 32954 |
| Agent: | Gordon R. Hamel                CPS #  634 |

I am authorized to effect service under Chapter 48, Section 27, Florida Statutes:

Attest: _____

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>2181CV01964 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>**MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al** | | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
| To:<br>**Dentalfone, Llc** | | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |

To the above named defendant(s):

      You are hereby summoned and required to serve upon:

> **Joel Rosen, Esq.**
> **Rosen and Goyal, P.C.**
> **204 Andover St**
> **Suite 402**
> **Andover, MA 01810**

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

OCT 01 2021

CLERK

      an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.

      Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

              **Date:** 09/30/2021

              **Time:** 02:00 PM

          **Event:** Hearing on Preliminary Injunction

    **Session Location:** Civil L2 CR16 /

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>09/14/2021 | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>**Hon. Heidi E Brieger** | ASSOCIATE JUSTICE<br>**Camille Sarrouf** | ASSISTANT CLERK<br>X |
|---|---|---|---|

| RETURN OF SERVICE |
|---|

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

## AFFIDAVIT OF SERVICE

| Case:<br>2181CV01964 | Court:<br>Middlesex Superior Court | County: | Job:<br>6141898 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>MD Consultants, Inc et al | | Defendant / Respondent:<br>Lowell Dentistry for Children, P.c. et al | |
| Received by:<br>The Nason Group, LLC | | For:<br>Rosen & Goyal PC | |
| To be served upon:<br>Dennis M. Spurling, Esquire | | | |

I, Thomas Vaughan, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

| Recipient Name / Address: | Dennis M. Spurling, Esquire ,<br>8 Washington Rd,<br>Atkinson, NH 03811 |
|---|---|
| Manner of Service: | Personal/Individual, Sep 21, 2021, 10:48 am EDT |
| Documents: | Summons and Order of Notice; Plaintiff's Motion to Continue Hearing; Summons and Order of Notice; Civil Action Cover Sheet; Verified Complaint; Order on Motion for Preliminary Injunction; Plaintiff's Motion for a Short Order of Notice; Plaintiff's Motion for Appointment of a Special Process Server |

**Additional Comments:**
1) Successful Attempt: Sep 21, 2021, 10:48 am EDT at Home: 8 Washington Rd, Atkinson, NH 03811 received by Dennis M. Spurling, Esquire .
Age: 80; Ethnicity: Caucasian; Gender: Male; Weight: 170; Height: 6'; Hair: Gray;
Served in hand to recipient

Thomas Vaughan                          Date

The Nason Group, LLC
75 S Main Street 7-302
Concord, NH 03301
6037481660

Subscribed and sworn to before me by the affiant who is
personally known to me.

Notary Public

Date                          Commission Expires

KRISTIN M. NASON
MY COMMISSION EXPIRES
MAY 17, 2022
NOTARY PUBLIC
NEW HAMPSHIRE

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

OCT 01 2021

CLERK

| SUMMONS AND ORDER OF NOTICE | DOCKET NUMBER<br>2181CV01964 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>MD Consultants, Inc. et al vs. Lowell Dentistry For Children, P.c. et al | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| To:<br>**Nashua Dentistry And Orthodontics For Children, Inc.** | COURT NAME & ADDRESS<br>Middlesex Superior - Lowell<br>370 Jackson Street<br>Lowell, MA 01852 |
|---|---|

To the above named defendant(s):

You are hereby summoned and required to serve upon:

Joel Rosen, Esq.
Rosen and Goyal, P.C.
204 Andover St
Suite 402
Andover, MA 01810

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

OCT 01 2021

CLERK

an answer to the complaint which is herewith served upon you. This must be done within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Lowell either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application for a Preliminary Injunction has been made in said action, as it appears in the complaint. A hearing on this matter has been scheduled for:

Date: **09/30/2021**

Time: **02:00 PM**

Event: **Hearing on Preliminary Injunction**

Session Location: **Civil L2 CR16 /**

at which time you may appear and show cause why such application should not be granted.

| DATE ISSUED<br>09/14/2021 | CHIEF JUSTICE OF THE SUPERIOR COURT<br>Witness:<br>Hon. Heidi E Brieger | ASSOCIATE JUSTICE<br>Camille Sarrouf | ASSISTANT CLERK<br>X |
|---|---|---|---|

**RETURN OF SERVICE**

I hereby certify and return that on _____, I served a copy of this summons, together with a copy of the Complaint.

PARTY NAME:

X

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

MIDDLESEX, ss.                                    CIVIL ACTION NO. 2181CV01964

_____

MD CONSULTANTS, INC. and
KANGAROO SMILES – METHUEN, INC.

      Plaintiffs,

v.

LOWELL DENTISTRY FOR CHILDREN,
P.C.,  NASHUA DENTISTRY AND
ORTHODONTICS FOR CHILDREN, INC.,
DENTALFONE, LLC, and
AARON WATMAN, DDS, and
JOSEPH BECHT, DMD

      Defendants.

_____

## <u>NOTICE OF APPEARANCE</u>

      Please enter the appearance of Matthew J. Holmes of Morrison Mahoney LLP as counsel

for the defendant, Dentalfone, LLC in the above-captioned matter.

<table>
<tr><td>

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true copy of the above
document was served upon the attorney of
record for each party by email on the 19th
day of October, 2021

/s/ Matthew J. Holmes
_____

Matthew J. Holmes

</td><td>

DENTALFONE, LLC
By Their Attorneys,


/s/ Matthew J. Holmes
_____
_____
Matthew J. Holmes, BBO #675994
mholmes@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:  617-439-7500

</td></tr>
</table>

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

MIDDLESEX, ss.                                    CIVIL ACTION NO. 2181CV01964

_____

MD CONSULTANTS, INC. and
KANGAROO SMILES – METHUEN, INC.

      Plaintiffs,

v.

LOWELL DENTISTRY FOR CHILDREN,
P.C.,  NASHUA DENTISTRY AND
ORTHODONTICS FOR CHILDREN, INC.,
DENTALFONE, LLC, and
AARON WATMAN, DDS, and
JOSEPH BECHT, DMD

      Defendants.

_____

## NOTICE OF APPEARANCE

      Please enter the appearance of Tory A.  Weigand of Morrison Mahoney LLP as counsel

for the defendant, Dentalfone, LLC in the above-captioned matter.

                                     DENTALFONE, LLC
                                     By Their Attorneys,

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above
document was served upon the attorney of
record for each party by email on the 19th
day of October, 2021

/s/ Tory A. Weigand
_____

Tory A. Weigand

/s/ Tory A. Weigand
_____
Tory A. Weigand, BBO #548553
tweigand@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:  617-439-7500

100687159

**RECEIVED**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
No: 2181CV01964

_____
)
MD CONSULTANTS, INC. and )
KANGAROO SMILES – )
METHUEN, INC., )
      Plaintiffs, )
)
)
V. )
)
)
LOWELL DENTISTRY FOR )
CHILDREN, P.C., )
NASHUA DENTISTRY AND )
ORTHODONTICS FOR CHILDREN, INC. )
DENTALFONE, LLC, and )
AARON WATMAN, DDS, and )
JOSEPH BECHT, DMD, )
      Defendants )
_____)

10/20/2021

## NOTICE OF APPEARANCE

    Please enter my appearance in the above captioned matter for the Defendants Lowell

Dentistry for Children, P.C., Nashua Dentistry and Orthodontics for Children, Inc., Aaron

Watman, DDS, and Joseph Becht, DMD.


Dated: October 20, 2021           LANDO & ANASTASI, LLP
                    By its attorneys,

                      /s/ Ann Lamport Hammitte
                    Ann Lamport Hammitte (BBO #553,263)
                    Lando & Anastasi LLP
                    60 State Street, 23rd Floor
                    Boston, MA  02109
                    (617) 395-7000
                    ahammitte@lalaw.com

KO

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by email on October 20, 2021.

/s/ Ann Lamport Hammitte
Ann Lamport Hammitte

**RECEIVED**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                                    SUPERIOR COURT
                                                                 No: 2181CV01964

_____ )
                                         )                       10/21/2021
MD CONSULTANTS, INC. and                 )
KANGAROO SMILES –                        )
METHUEN, INC.,                           )
                Plaintiffs,              )
                                         )
                                         )
V.                                       )
                                         )
                                         )
LOWELL DENTISTRY FOR                     )
CHILDREN, P.C.,                          )
NASHUA DENTISTRY AND                     )
ORTHODONTICS FOR CHILDREN, INC. )
DENTALFONE, LLC, and                     )
AARON WATMAN, DDS, and                   )
JOSEPH BECHT, DMD,                       )
                Defendants               )
_____ )

## NOTICE OF APPEARANCE

Please enter my appearance in the above captioned matter for the Defendants Lowell

Dentistry for Children, P.C., Nashua Dentistry and Orthodontics for Children, Inc., Aaron

Watman, DDS, and Joseph Becht, DMD.


Dated: October 20, 2021                  LANDO & ANASTASI, LLP
                                         By its attorneys,

                                             /s/ Thomas P. McNulty
                                         Thomas P. McNulty (BBO #654564)
                                         Lando & Anastasi LLP
                                         60 State Street, 23rd Floor
                                         Boston, MA  02109
                                         (617) 395-7000
                                         tmcnulty@lalaw.com

1

KO

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by email on October 20, 2021.

/s/ Thomas P. McNulty
Thomas P. McNulty

L2

17

# COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**

**SUPERIOR COURT**
**NO. 2181CV01964**

**RECEIVED**

|  |  |  |
|---|---|---|
| MD CONSULTANTS, INC. and<br>KANGAROO SMILES – METHUEN, INC., | )<br>)<br>) | TK      10/21/2021 |
| Plaintiffs | )<br>)<br>) |  |
| v. | )<br>) |  |
| LOWELL DENTISTRY FOR CHILDREN, P.C.,<br>NASHUA DENTISTRY AND ORTHODONTICS<br>FOR CHILDREN, INC., DENTALFONE, LLC<br>And AARON WATMAN, DDS, and JOSEPH<br>BECHT, DMD, | )<br>)<br>)<br>)<br>)<br>) |  |
| Defendants | )<br>)<br>) |  |

## JOINT MOTION FOR ENTRY OF PRELIMINARY INJUNCTION AND CANCELLATION OF THE HEARING ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Plaintiffs MD Consultants, Inc. and Kangaroo Smiles – Methuen, Inc. (hereinafter,

"Plaintiffs") and Defendants Lowell Dentistry for Children, P.C., Nashua Dentistry and

Orthodontics for Children, Inc., Aaron Watman, DDS and Joseph Becht, DMD (hereinafter,

"Dentists") (collectively, the "Parties"), without acknowledging liability in this matter, have

agreed to entry of a preliminary injunction in the form set forth in the proposed order ("Proposed

Order") attached hereto as Exhibit A.  The Parties hereby jointly request entry of the Proposed

Order and cancellation of the hearing on Plaintiffs' Motion for a Preliminary Injunction currently

scheduled for October 21, 2021.

Respectfully submitted,


**MD CONSULTANTS, INC. and
KANGAROO SMILES –
METHUEN, INC.,**
**By** their attorneys


/s/ Joel Rosen
Joel Rosen (BBO 567788)
Austin Smith (BBO 707740)
ROSEN & GOYAL, P.C.
204 Andover Street, Ste. 402
Andover, MA 01810
978-474-0100
jrosen@rosengoyal.com
asmith@rosengoyal.com

**LOWELL DENTISTRY FOR
CHILDREN, P.C., NASHUA DENTISTRY
AND ORTHODONTICS FOR CHILDRE
INC., AARON WATMAN, DDS and
JOSEPH BECHT, DMD**
By their attorneys


/s/ Thomas P. McNulty
Thomas P. McNulty (BBO 654564)
Ann Lamport Hammitte (BBO 553263)
LANDO & ANASTASI, LLP
60 State Street, 23rd Floor
Boston, MA 02109
617395-7000
tmcnulty@lalaw.com
ahammitte@lalaw.com

# EXHIBIT A

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX, ss.                                    SUPERIOR COURT
                                                 NO. 2181CV01964

|  |  |
|---|---|
| MD CONSULTANTS, INC. and<br>KANGAROO SMILES – METHUEN, INC.,<br><br>                    Plaintiffs<br><br>v.<br><br>LOWELL DENTISTRY FOR CHILDREN, P.C.,<br>NASHUA DENTISTRY AND ORTHODONTICS<br>FOR CHILDREN, INC., DENTALFONE, LLC<br>And AARON WATMAN, DDS, and JOSEPH<br>BECHT, DMD,<br><br>                    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>PRELIMINARY INJUNCTION</u>**

In accordance with an agreement between the parties, Defendants Lowell

Dentistry for Children, P.C., Nashua Dentistry and Orthodontics for Children, Inc., Aaron

Watman, DDS and Joseph Becht, DMD (hereinafter, "Dentists") shall not use the

Kangaroo Smiles Mark (as that term is defined in the Complaint) in commerce and shall

not use the Kangaroo Smiles Mark to attempt to solicit, divert, take away or attempt to

take away any existing or prospective customers of Kangaroo Smiles.  For purposes of

clarity, this order does not preclude Dentists from soliciting, diverting, taking away or

attempting to divert or take away existing customers of Kangaroo Smiles, and Dentists

are free to solicit and provide services to any prior or existing Kangaroo Smiles

customers, so long as Dentists do not use the Kangaroo Smiles Mark in procuring such customers.

Dentists' agreement to this Order is not, and shall not be construed as, an admission of the validity of the Kangaroo Smiles Mark, an admission of any form of liability or wrongdoing, and/or an admission of any cognizable harm, irreparable or otherwise, to Plaintiffs.

SO ORDERED,

_____ , J.

Associate Justice of the Superior Court

<u>Certificate of Service</u>

The undersigned hereby certifies that on October 21, 2021, a true copy of the above document was served via First Class Mail and email upon the defendants.

<u>*/s/ Austin Smith*</u>
Austin Smith

16

L2

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
NO. 2181CV01964

**RECEIVED**

TK    10/21/2021

|  |  |
|---|---|
| MD CONSULTANTS, INC. and<br>KANGAROO SMILES – METHUEN, INC., | )<br>)<br>) |
| Plaintiffs | )<br>) |
| v. | )<br>) |
| LOWELL DENTISTRY FOR CHILDREN, P.C.,<br>NASHUA DENTISTRY AND ORTHODONTICS<br>FOR CHILDREN, INC., DENTALFONE, LLC<br>And AARON WATMAN, DDS, and JOSEPH<br>BECHT, DMD, | )<br>)<br>)<br>)<br>) |
| Defendants | )<br>) |

## NOTICE OF VOLUNTARY DISMISSAL OF DENTALFONE, LLC

Plaintiffs MD Consultants, Inc. and Kangaroo Smiles – Methuen, Inc. hereby file this

notice of voluntary dismissal pursuant to Mass. R. Civ. P. 4(a)(1)(i) *only* as to defendant

Dentalfone, LLC ("Dentalfone") without prejudice.


Respectfully submitted,
MD CONSULTANTS, INC. and
KANGAROO SMILES - METHUEN, INC.,
By their attorneys,


*/s/ Joel Rosen*
Joel Rosen (BBO 567788)
Austin Smith (BBO 707740)
ROSEN & GOYAL, P.C.
204 Andover St., Ste. 402

Andover, MA 01810
978-474-0100
jrosen@rosengoyal.com
asmith@rosengoyal.com

Date: October 21, 2021

<u>Certificate of Service</u>

The undersigned hereby certifies that on October 21, 2021, a true copy of the above document was served via First Class Mail and email upon the defendants.

*/s/ Austin Smith*
Austin Smith

17

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**                                        **SUPERIOR COURT**
                                                          **NO. 2181CV01964**

---

MD CONSULTANTS, INC. and                    )
KANGAROO SMILES – METHUEN, INC.,            )
                                            )
              Plaintiffs                    )
                                            )
v.                                          )
                                            )
LOWELL DENTISTRY FOR CHILDREN, P.C.,        )
NASHUA DENTISTRY AND ORTHODONTICS           )
FOR CHILDREN, INC., DENTALFONE, LLC         )
And AARON WATMAN, DDS, and JOSEPH           )
BECHT, DMD,                                 )
                                            )
              Defendants                    )
                                            )
                                            )

---

### JOINT MOTION FOR ENTRY OF PRELIMINARY INJUNCTION AND CANCELLATION OF THE HEARING ON PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Plaintiffs MD Consultants, Inc. and Kangaroo Smiles – Methuen, Inc. (hereinafter,

"Plaintiffs") and Defendants Lowell Dentistry for Children, P.C., Nashua Dentistry and

Orthodontics for Children, Inc., Aaron Watman, DDS and Joseph Becht, DMD (hereinafter,

"Dentists") (collectively, the "Parties"), without acknowledging liability in this matter, have

agreed to entry of a preliminary injunction in the form set forth in the proposed order ("Proposed

Order") attached hereto as Exhibit A. The Parties hereby jointly request entry of the Proposed

Order and cancellation of the hearing on Plaintiffs' Motion for a Preliminary Injunction currently

scheduled for October 21, 2021.